**In re Clarence E. JACKSON, Jr., Debtor.**

**No. 01–11217 B.**

United States Bankruptcy Court, W.D. New York.

May 20, 2008.

———

Penney, Maier & Wallach, Mark S. Wallach, Esq., of counsel, Buffalo, NY, for Trustee.

Office of the United States Trustee, Jill M. Zubler, Esq., of counsel, Buffalo, NY.

## DECISION & ORDER

CARL L. BUCKI, Chief Judge.

The Chapter 7 trustee has filed a final report, wherein he asks the court to approve a distribution to creditors and to authorize a closing of the case. Although no creditors have objected to the final report, the court is compelled to consider whether the trustee's recommendation represents a proper exercise of his independent judgment.

Clarence E. Jackson filed a petition for relief under Chapter 13 of the Bankruptcy Code on March 7, 2001. On motion by the Chapter 13 trustee, this court converted the case to Chapter 7 on January 10, 2003. Shortly thereafter, the Office of the United States Trustee appointed Mark S. Wallach to serve as the Chapter 7 trustee. Mr. Wallach has continued in that position until the present time.

In schedules filed with his petition, Mr. Jackson acknowledged ownership of real property at 91 Woltz Avenue, 156 Woltz Avenue, and 89 Loepere Street, all in the City of Buffalo, New York. The trustee has opined that the conditions and locations of these properties are such that he is unlikely to find a third-party purchaser for any of them. Consequently, in October of 2003, the trustee gave notice of his intent to sell the properties to the debtor for $15,000. When no creditor objected to the sale within the time specified, the trustee proceeded to execute the transaction under terms that he had negotiated with Mr. Jackson. Specifically, Mr. Jackson agreed to make monthly payments to the trustee on account of the sale price, with the understanding that title would transfer only upon the trustee's receipt of the entire sum of $15,000.

The trustee's final report shows that Mr. Jackson has failed to make regular and consistent payments to the trustee. Between November of 2003 and April of 2005, the trustee received only eleven of eighteen scheduled payments of $400 each. When Mr. Jackson then failed to submit any payments for almost two years, the trustee moved for authority to close the case without an abandonment of the real property. However, the resulting order of non-abandonment caused Mr. Jackson to resume sporadic payments to the trustee. Between April of 2007 and January of 2008, the trustee collected an additional $1,800 from the debtor. As of the present moment, therefore, on account of the agreed sale price of $15,000, the trustee has collected $6,200.

Despite his receipt of a payment only two months earlier, the trustee executed a final report in this case on March 17, 2008. After review by the Office of the United States Trustee, that report was filed with the clerk of this court, who then scheduled the matter for a hearing on May 5. At that time, the case trustee advised the court that he had filed the final report at the direction of the Office of the United States Trustee, and that but for the insistence of that office, he would have kept the case open in order to continue efforts to collect the balance due from the sale of the real property. The case trustee further reported that the Office of the United States Trustee had told members of the local trustee panel that the failure to close existing cases could adversely affect new assignments. In response to the court's question, counsel for the Office of the United States Trustee stated only that her office had followed customary policy with respect to the administration of this case.

Section 350(a) of the Bankruptcy Code provides that the court shall close a case, "[a]fter an estate is fully administered and the court has discharged the trustee." However, many appropriate considerations affect the determination of

whether an estate has been fully administered. At all times, trustees must observe the duties imposed by 11 U.S.C. § 704, which include the obligation to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." Essentially, sound administration requires a proper balance between competing mandates both to maximize liquidation and to effect a prompt distribution. Unfortunately, in the present instance, the court is unable to consider these issues, because the final report fails to reflect the independent judgment of the case trustee.

■ Every trustee is a fiduciary, and as such, owes the duties of good faith, trust, confidence, and candor. *See* BLACK'S LAW DICTIONARY 640 (7th ed.1999). Here, considerations of candor compelled the case trustee to advise the court that the Office of the United States Trustee had pressured him to close a case that he otherwise would have kept open. Thus, the court has been asked to consider a final report that the case trustee does not fully recommend and as to which the Office of the United States Trustee has presented only a cursory perspective. Such circumstances have not ideally positioned the court to give effective evaluation to whether the case has been fully and properly administered within the meaning of 11 U.S.C. § 350(a).

■ The Office of the United States Trustee is charged with the duty to monitor the progress of bankruptcy cases and to take such actions as it "deems to be appropriate to prevent undue delay in such progress." 28 U.S.C. § 586(a)(3)(G). Ideally, in every Chapter 7 proceeding, the case trustee should aim to achieve a reasonably expeditious distribution to creditors. To these ends, the United States

Trustee may properly implement policies that will promote the prompt closing of asset cases. But such policies should always accommodate the statutory duties of a case trustee, such as the trustee's obligation to liquidate property of the estate. Also, under no circumstances should the final report become the product of pressure to close cases for statistical purposes only.

■ With respect to the administration of an assigned case, ultimate fiduciary responsibility falls to the case trustee. The Office of the United States Trustee may suggest and cajole, and may even move to compel the filing of a final report or for the removal of a trustee. Where reasonable minds disagree about the proper approach to administration of an estate, parties may seek direction from the court. But until the court directs otherwise, the case trustee must exercise his or her own judgment. Unfortunately, the present record fails to confirm the considered judgment of the case trustee, but instead shows a final report filed at the behest of the Office of the United States Trustee.

■ For the reasons stated herein, the court will not approve the final report at this time, but will schedule the matter for further consideration at its regular motion calendar at 10 A.M. on June 9, 2008. On that occasion, both the case trustee and the Office of the United States Trustee should appear to explain the basis for any recommendation regarding the closing of this case. Alternatively, the court will entertain argument about whether the outstanding report should be treated as a request to authorize only an interim distribution of moneys on deposit.

So ordered.